I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL PLF w/ORM (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6-16-15

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
JUN 1 6 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TRACY L. STEWART,<br><br>Plaintiff,<br><br>v.<br><br>CATALINA BANUELOS, et al.,<br><br>Defendants. | Case No. CV 15-3404-DSF (DFM)<br><br>Memorandum and Order Dismissing Complaint with Leave to Amend |

## I.
## BACKGROUND

On April 20, 2015, Plaintiff Tracy L. Stewart, who is currently incarcerated at California State Prison Sacramento, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1 ("Complaint"). The Complaint names as Defendants Catalina Banuelos, Deputy of the Los Angeles County Superior Court ("LACSC"); Sherri R. Carter, LACSC Executive Officer/ Clerk; certified court reporters Christina Cunningham, Marion Slater, Patricia Bradford, Eva Smith, and Cynthia Thomas; A. Beauchamp, LACSC Court Service Coordinator; E. Smith, LACSC Deputy Clerk; John D. Van De Kamp, former California Attorney General; and Tamara K. Hertz, Plaintiff's criminal

appellate attorney. Id. at 5-7.[1] All Defendants are named in both their individual and official capacities. Id.

As best the Court can tell, Plaintiff contends that Defendants violated his constitutional rights by failing to provide Plaintiff with accurate criminal trial transcripts. Id. at 4. Plaintiff also contends that this error in processing his request for transcripts constitutes obstruction of justice, deliberate indifference, and negligence. Id. at 15-17. Plaintiff seeks monetary damages as well as an order requiring Defendants to provide him with correct copies of his trial transcripts. Id. at 18-19.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the Complaint before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff was convicted on July 21, 1986 of multiple counts of armed robbery, kidnapping, grand theft auto, and related crimes. He received a sentence of 34 years to life, which he is currently serving. Complaint at 36.

In 1988, Hertz filed a motion to declare the court reporter in Plaintiff's criminal trial incompetent based upon her alleged delay in transcribing her notes. Id. at 3, 27. Plaintiff contends that Cunningham, Slater, Bradford, Smith, and Thomas were official court reporters when Hertz filed the motion, and that Van De Kamp was the Attorney General of California. Id. at 8. Plaintiff alleges that the court reporters could have corrected the erroneous records but failed to do so. Id. at 15.

---

[1] All citations to the Complaint are to the CM/ECF pagination.

Plaintiff alleges that, on appeal, he was given two separate case numbers: A382211 and A382311. Id. Plaintiff's conviction was affirmed by the California Court of Appeal in 1989, although the court reduced Plaintiff's sentence by four months. Id. at 8, 36.

Approximately 20 years later, Plaintiff discovered alleged errors in his sentencing and requested court transcripts in People v. Stewart, Case No. A382311. Id. at 3. Based upon these alleged errors, he filed a petition for writ of habeas corpus in the LACSC. Id. His petition was denied on March 26, 2013 under Case No. A382211, even though his trial court case number was actually A382311. Id. at 36-38. Plaintiff filed petitions for writ of habeas corpus in the California Court of Appeal and California Supreme Court, which were all denied based on untimeliness. Id. at 8-9.

In December 2013, Plaintiff requested copies of records from the LACSC. Id. at 9. Defendant Beauchamp responded to Plaintiff's letter using Case No. A382211, rather than A382311. Id. at 47-48.

Plaintiff then requested copies of the appellate record from the California Court of Appeals. Plaintiff was informed by the Office of the Clerk of the Court of Appeal that the records had been destroyed or sent to the State Archive. Id. at 58.

Plaintiff alleges that, in March or April 2014, he finally received transcripts from the LACSC. However, the LACSC erroneously sent Plaintiff transcripts from an unrelated case, People v. Kenny Jackson, Case No. A038224. Id. at 11. Plaintiff then notified the LACSC of its error and requested the correct transcripts. Id. at 12, 72. Plaintiff alleges that, despite his repeated requests, he was never sent the correct transcripts by the LACSC. Id. at 12.

Plaintiff also alleges that he was assigned an erroneous direct appeal number that did not coincide with his trial court case number, and that

3

therefore his petition for writ of habeas corpus in the LACSC was denied under an incorrect case number. Id.

## III.
## STANDARD OF REVIEW

The Court's screening of the Complaint under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

1  citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S.
2  662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a
3  complaint must contain sufficient factual matter, accepted as true, to 'state a
4  claim to relief that is plausible on its face.' A claim has facial plausibility when
5  the plaintiff pleads factual content that allows the court to draw the reasonable
6  inference that the defendant is liable for the misconduct alleged." (internal
7  citation omitted)).

     If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

26  ///
27  ///
28  ///

## IV.

## DISCUSSION

A. <u>**Plaintiff Has No Constitutional Right to Accurate Transcripts**</u>

Criminal defendants do not have a constitutional right to a totally accurate transcript of their court proceedings. See <u>Tedford v. Hepting</u>, 990 F.2d 745, 747 (3d Cir. 1993) (holding that a civil rights plaintiff "does not have a constitutional right to a totally accurate transcript of his [underlying] criminal trial"); <u>Hampton v. Segura</u>, 276 F. App'x 413, 415 (5th Cir. 2008) (holding that a civil rights plaintiff does not have "a constitutional right to a 'totally accurate transcript'"); <u>Jackson v. La. Tech Univ.</u>, No. 11-0524, 2011 WL 6749014, at *12 (W.D. La. 2011) (same). Even if a plaintiff can show that a transcript is inaccurate, a plaintiff states a claim for a violation of his constitutional rights only if the "inaccuracies in the transcript adversely affected the outcome" of the proceeding. <u>Tedford</u>, 990 F.2d at 747; see also <u>Anderson v. Cnty. of Hamilton</u>, 780 F. Supp. 2d 635, 651 (S.D. Ohio 2011) (holding that complaint failed to state a claim because it failed to allege any facts indicating that errors in transcript of plaintiff's criminal proceedings prejudiced him in any way).

This prejudice standard requires that Plaintiff show that his underlying conviction and sentence have been vacated. In <u>Tedford</u>, the court concluded that a prisoner could not bring a successful § 1983 action against the court reporters and other defendants for alleged errors in his trial transcript "absent a successful challenge to the underlying conviction." 990 F.2d at 750. The court reasoned that:

> [P]laintiff cannot have been damaged by the inaccuracies in the transcript or by any of the alleged actions of the defendants, unless and until his conviction and sentence are vacated on constitutional grounds. If the actions complained of did not deprive plaintiff of a fair and adequate appellate review of his conviction, he cannot

prevail on his damage claims. Id. at 749; see also Dyches v. Martin, 2014 WL 1093133, at *4 (D.S.C. 2014) (holding that prisoner's civil rights claim against court reporter was not cognizable under § 1983 because prisoner "has not demonstrated that his underlying conviction has been invalidated").

Finally, "court reporters are [not] liable in a section 1983 case for innocent errors, even if negligent." Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006). Plaintiff's factual allegations, at best, show that the court reporters acted negligently by failing to provide Plaintiff with accurate transcripts of the state court proceedings.

Plaintiff makes no showing that his underlying criminal conviction has been invalidated. To the contrary, this Court recently dismissed with prejudice Plaintiff's petition for a writ of habeas corpus because it was untimely filed by almost 17 years. See Tracy L. Stewart v. J. McComber, Case No. CV 14-01747-DSF (DFM), Dkt. 7, 14, 15. Plaintiff's claims against the court reporter Defendants (Cunningham, Slater, Bradford, Smith, and Thomas) are accordingly subject to dismissal.

**B. Plaintiff's Claims Against Hertz Are Not Cognizable in a Section 1983 Action**

Plaintiff's claims against his criminal appellate attorney are not cognizable in a federal civil rights action. To properly allege a 42 U.S.C. § 1983 action, a plaintiff must describe "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Defense attorneys, whether appointed or retained, generally do not act under color of state law for purposes of a 42 U.S.C. § 1983 action. See Polk County v. Dodson, 454 U.S. 312 (1981). Accordingly, Plaintiff's claims against Hertz are subject to summary dismissal.

C. **Plaintiff Has Failed to State a Cause of Action Against Defendant Van De Kamp; Van De Kamp Is Entitled to Prosecutorial Immunity**

Plaintiff's only allegation against former California Attorney General Van De Kamp is that he was Attorney General at the time of Plaintiff's conviction in 1986. Complaint at 6, 8. This conclusory allegation fails to demonstrate that Van De Kamp violated any of Plaintiff's federal constitutional rights. Moreover, a prosecuting attorney acting within the scope of his duties in initiating and pursuing an action and in presenting the state's case is entitled to absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976). As with judges, a prosecutor is not deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority. See id. at 434 n. 34 (noting that prosecutor's "deliberate withholding of exculpatory information" and role in allegedly suborning perjury were shielded by absolute immunity); see also Schlegel v. Bebout, 841 F.2d 937, 942 (9th Cir. 1988) (holding that a public official who performs functions analogous to a prosecutor, such as the state Attorney General, enjoys prosecutorial immunity). Plaintiff's claims against Van De Kamp are thus subject to dismissal.

D. **Supervisory Liability**

Plaintiff alleges liability Carter solely on the basis that Carter is the "Executive Clerk" of the Los Angeles County Superior Court. Plaintiff makes no allegation of any individual action taken by Carter.

Supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). In Iqbal, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." 556 U.S.

at 676. However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.' 'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'

Id. at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation.

See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, Plaintiff names Carter as a defendant solely on the basis that she is the Court's Executive Clerk. However, the Complaint utterly fails to set forth any specific allegations that Carter personally participated in the underlying alleged violations of Plaintiff's constitutional rights. Nor does Plaintiff set forth any factual allegations that Carter either personally promulgated any policy that had a direct causal connection with the constitutional injuries of which Plaintiff complains or knowingly acquiesced to the other Defendants' alleged conduct. Accordingly, Plaintiff's claims against Carter are subject to dismissal.

### E. Official Capacity Claims

Plaintiff has named all Defendants in their official capacities. Complaint at 5-7. Plaintiff seeks compensatory and punitive damages from each Defendant as well as injunctive relief. Id. at 18-19. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Here, with the exception of Van De Kamp, Defendants are all officers and agents of the Los Angeles County Superior Court. Therefore, all of Plaintiff's claims against Defendants in their official capacities are tantamount to claims against the Superior Court. The Los Angeles County Superior Court has absolute Eleventh Amendment immunity from suit. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1160-61 (9th Cir. 2003). Plaintiff's official capacity claims are accordingly subject to dismissal.[2]

---

[2] In light of the numerous patent defects in Plaintiff's Complaint, the

## V.
## CONCLUSION

For the reasons discussed above, the Complaint is subject to summary dismissal. Although the Court is doubtful that at least some of the Complaint's pleading deficiencies can be cured by amendment, the Court will give Plaintiff an opportunity to amend the Complaint.

Accordingly, if Plaintiff still desires to pursue his claims, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: June 15, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

---

Court does not reach at this time the issue of whether Plaintiff has stated facts sufficient to state a cause of action against Banuelos, Beauchamp, and Smith in their individual capacities.